UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| RENEE VIVEROS, and CHRISTINE BIAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AUDIBLE, INC., a Delaware Corporation,<br><br>Defendant. | Case No.:_____<br><br>**NOTICE OF REMOVAL** |

### NOTICE OF REMOVAL OF CIVIL ACTION

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Audible, Inc., hereby removes this case from the Superior Court of Washington for King County to the United States District Court for the Western District of Washington, Seattle Division. In support of removal, Audible states as follows:

**I.    PROCEDURAL BACKGROUND**

1.     Plaintiffs Renee Viveros and Christine Bias filed a Class Action Complaint in the Superior Court of Washington for King County against Audible on May 26, 2023, captioned *Renee Viveros, et al. v. Audible, Inc.*, No. 23-2-09699-1 SEA. In the Complaint, Plaintiffs seek damages, restitution, declaratory and injunctive relief, attorneys' fees, and other relief individually and on

1. behalf of a class of California consumers based on allegations that Audible violated California's Consumer's Legal Remedies Act ("CLRA"), Cal. Bus. & Prof. Code § 1750, *et seq.*, and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, by purportedly failing to comply with California's Automatic Renewal Law, Cal. Bus. & Prof. Code § 17600, *et seq.*, when charging Plaintiffs on a recurring basis for monthly subscriptions to Audible's online services, which provide access to audiobooks and other audio content. Plaintiffs also assert common law claims of conversion and unjust enrichment/restitution.

2. Service of the Summons and Complaint on Audible was effective on June 1, 2023. Attached as **Exhibit A** to the Declaration of Brian Buckley ("Buckley Decl.") is a copy of the Complaint and attached as **Exhibit B** are copies of the Summons and other case-initiation documents.

3. No further proceedings have occurred in the state court action. *See* Buckley Decl. Ex. C (King County Court Docket for Case No. 23-2-09699-1 SEA).

4. Pursuant to 28 U.S.C. § 1446(b), Audible timely filed this Notice of Removal within 30 days of service of the Summons and Complaint and less than one year since the action commenced.

5. Plaintiffs are California residents: Plaintiff Viveros alleges that she resides in Palm Dale, California. Buckley Decl. Ex. A (Complaint) ¶ 9. Plaintiff Bias alleges that she resides in La Habra, California. *Id.* ¶ 10.

6. Audible is a Delaware corporation and citizen of Delaware. Audible also is a citizen of New Jersey as it has its principal place of business in Newark, New Jersey. *See* 28 U.S.C. § 1332(c)(1); Buckley Decl. ¶ 2, Ex. A ¶ 11.

II. **THIS CASE SATISFIES THE REQUIREMENTS FOR REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT.**

7. The Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), which provides for federal jurisdiction over class actions in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs,"

and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). These requirements are satisfied here.

Class Action Status

8. This action meets the definition of a "class action" under CAFA because Plaintiffs bring class allegations pursuant to Washington Civil Rule 23, which is a "[s]tate statute … authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see also* Wash. Super. Ct. Civ. R. 23.

Number of Proposed Class Members

9. CAFA requires that a putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B). This case easily satisfies that number, as Plaintiffs allege that there are "at least tens of thousands" of class members. Buckley Decl. Ex. A ¶ 84.

Amount in Controversy

10. CAFA requires that the aggregate amount in controversy exceed $5,000,000. *See* 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

11. As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See 54-40 Brewing Co. LLC v. Truck Ins. Exch.*, No. C21-5586 BHS, 2021 WL 6124788, at *4 (W.D. Wash. Dec. 28, 2021) (finding that defendant met burden of establishing that the amount in controversy likely exceeds $5 million based on "good faith, and plausible and logical assumptions and conclusions"); *see also Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (removing party may rely on assumptions "as long as the reasoning and underlying assumptions are reasonable"). As the Ninth Circuit has noted, the amount in controversy is the "amount *at stake* in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (emphasis added) (citation omitted). "'Amount at stake' does not mean likely or probable liability; rather, it refers to *possible* liability." *Greene v. Harley-Davidson,*

*Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (emphasis added) (reversing district court's denial of CAFA removal in CLRA and false advertising case where plaintiff sought punitive damages).

12. Here, Plaintiffs' definition of the proposed class and the relief sought satisfy the amount in controversy requirement. As described below, Audible has a reasonable, good faith belief that Plaintiffs seek damages in excess of $5,000,000, notwithstanding the fact that the Complaint does not specify a dollar amount of damages sought. *See* LCR 101(a).

13. Plaintiffs assert claims for alleged violations of the UCL (Cal. Bus. & Prof. Code § 17200) and the CLRA (Cal. Bus. & Prof. Code § 1750), and also assert claims for conversion and unjust enrichment/restitution individually and on behalf of the following proposed class:

> All individuals who (i) enrolled in an Audible Subscription while in California, within the applicable statute of limitations, up to and including the filing of this complaint, and who were subsequently assessed an automatic renewal fee associated with their Audible Subscription; or (ii) attempted to cancel an Audible Subscription while in California since July 1, 2022, and who were subsequently assessed an automatic renewal fee associated with their Audible Subscription.

Buckley Decl. Ex. A ¶ 81. Plaintiffs seek damages pursuant to the UCL. *Id.* ¶ 107. In addition to costs and interest, Plaintiffs' Prayer for Relief seeks attorneys' fees, restitution, disgorgement, and injunctive relief. Buckley Decl. Ex. A at 49-50.

14. Although Audible denies that Plaintiffs are entitled to *any* relief, Plaintiffs' damages claim, the costs of injunctive relief, and the claim for attorneys' fees combined exceed the $5,000,000 threshold. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (noting that amount in controversy includes damages, costs of complying with an injunction, and attorneys' fees); *54-40 Brewing Co. LLC*, 2021 WL 6124788, at *4 (holding that the amount of controversy requirement was met where the complaint alleged that the number of class members was "'in the hundreds, if not thousands'"); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that attorneys' fees may be included in the amount in controversy where the underlying statute authorizes an award).

15. Plaintiff Viveros alleges that she paid $523.25 for an Audible subscription and Plaintiff Bias alleges she paid $104.65. Plaintiffs seek relief on behalf of "tens of thousands" of putative class members (that is, at least 20,000 class members). Given Plaintiffs' broad proposed

class, if just 10,000 consumers paid the same as Plaintiff Viveros, the amount in controversy requirement would be met. But even if the average consumer paid less than Plaintiff Viveros, combining the actual damages sought with Plaintiffs' claim for injunctive relief, plus attorneys' fees, which can be at least 25 percent of total recovery, pushes the amount "at stake" past CAFA's threshold requirement. *See Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) ("We have established a 25 percent 'benchmark' in percentage-of-the-fund cases that can be 'adjusted upward or downward to account for any unusual circumstances involved in [the] case.'") (alteration in original) (citation omitted); *see also* Buckley Decl. Exs. D and E (motions in which Zimmerman Reed LLP and Tousley Brain Stephens PLLC, Plaintiffs' counsel in this case, sought fees of 33% and 30% of class action settlement funds, respectively).

Diversity of Citizenship

16. There is diversity of citizenship in this action to satisfy the minimum diversity requirements under CAFA. Plaintiffs are citizens of California. Audible is a citizen of Delaware and has its principal place of business in New Jersey, so there is diversity of citizenship from the California Plaintiffs and proposed California class. *See* 28 U.S.C. § 1332(d)(2)(C) (There is sufficient diversity where "any member of a class of plaintiffs is a citizen of a State and any defendant is … a citizen … of a foreign state.").

**III. THE EXCEPTIONS TO CAFA DO NOT PERMIT REMAND IN THIS CASE.**

17. CAFA contains three potential exceptions to federal jurisdiction, none of which applies here. *See* 28 U.S.C. §§ 1332(d)(3)-(4). Although Plaintiffs, not Audible, bear the burden to prove these exceptions should Plaintiffs seek remand, the exceptions are inapplicable. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007) (concluding that the party seeking to remand bears the burden of proving an exception to CAFA jurisdiction).

18. The Discretionary Exception. Federal courts may decline CAFA jurisdiction in certain instances where greater than one-third, but less than two-thirds, of the members of the proposed class are citizens of the state in which the class action was originally filed, and the primary defendants are citizens of the state in which the class action was originally filed. 28 U.S.C.

§ 1332(d)(3). Here, all of the proposed class members are citizens of California (Buckley Decl. Ex. A ¶ 81), and Audible is not a citizen of Washington, so this exception does not apply.

19. <u>The Local Controversy Exception</u>. Federal courts must decline CAFA jurisdiction where: (1) greater than two-thirds of the class are citizens of the state in which the class action was originally filed; (2) at least one defendant is a defendant (aa) from whom significant relief is sought by members of the plaintiff class, (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and (cc) who is a citizen of the state in which the action was originally filed; (3) the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed; and (4) no other class action was filed in the three preceding years asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. 28 U.S.C. § 1332(d)(4)(A). In this case, neither requirement of Section 1332(d)(4)(A) is met because Audible is not a citizen of Washington, the state in which the action was originally filed, and none of the proposed class members are citizens of Washington (all are from California). *See* Buckley Decl. Ex. A ¶¶ 11, 81.

20. <u>The Home-State Controversy Exception</u>. Federal courts must decline CAFA jurisdiction where two-thirds or more of the members of the class and the primary defendants are citizens of the state where the class action was originally filed. 28 U.S.C. § 1332(d)(4)(B). Here, neither Audible nor the proposed class members are citizens of Washington, so this exception also does not apply. *See* Buckley Decl. Ex. A ¶¶ 11, 81.

**IV.  DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

21. <u>Removal is Timely</u>. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Audible was served with a summons and Complaint on June 1, 2023. Buckley Decl. Ex. A. This Notice of Removal is therefore timely filed.

22. <u>Removal to Proper Court</u>.  Removal to this Court is proper because the United States District Court for the Western District of Washington embraces the Superior Court of Washington for King County, where Plaintiffs filed this action.  *See* 28 U.S.C. §§ 128(b), 1441(a), 1446(a); *see also* LCR 3 (e)(1).  Additionally, the parties consented to jurisdiction in this Court; the Complaint alleges that "claims and disputes related to Audible's services are subject to Amazon.com's Conditions of Use, which provide that '[a]ny dispute or claim … will be adjudicated in the state or *Federal* courts in King County, Washington, and [the parties] consent to exclusive jurisdiction and venue in these courts."  Buckley Decl. Ex. A ¶ 15 (alterations in original) (emphasis added).

23. <u>Pleadings and Process</u>.  Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Audible in this action are attached hereto as Exhibit A.

24. <u>Notice to Adverse Parties and State Court</u>.  Promptly after the filing of this Notice of Removal, Audible will serve a copy on all counsel of record and file a copy with the Clerk of the Superior Court of Washington for King County, in accordance with 28 U.S.C. § 1446(d).  Audible is serving this Notice of Removal on Plaintiffs' counsel of record, Kim D. Stephens, Rebecca L. Solomon, Hart L. Rinovitch, and Zachary J. Freese, via electronic and U.S. mail addressed to their offices located at 1200 Fifth Avenue, Suite 1700, Seattle, Washington 98101, 14646 N. Kierland Blvd., Suite 145, Scottsdale, Arizona 85254, and 80 S. South 8th Street, Suite 1100, Minneapolis, Minnesota 55402.  Audible also is filing a copy of the Notice of Removal of a Civil Action in the Superior Court of Washington for King County.

25. This Notice of Removal is based on the allegations of the Complaint and does not admit the truth of the facts asserted in the Complaint, the validity of Plaintiffs' claim, the ability to certify a class, the existence of injury, or damages in any form.

26. Based on the foregoing facts, Defendant Audible, Inc. notifies this Court that this cause has been removed from the Superior Court of Washington for King County to the United States District Court for the Western District of Washington, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446.

| | | |
|---|---|---|
| 1 | Dated: June 20, 2023 | Respectfully submitted, |
| 2 | | FENWICK & WEST LLP |
| 3 | | By: /s/ Brian D. Buckley |
| 4 | | Brian D. Buckley, WSBA No. 26423 |

401 Union Street, 5th Floor
Seattle, WA  98101
Telephone:  206.389.4510
Facsimile:  206.389.4511
Email:  bbuckley@fenwick.com

Jedediah Wakefield (*pro hac vice* forthcoming)
Molly Melcher (*pro hac vice* forthcoming)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  415.875.2300
Facsimile:  415.281.1350
Email:  jwakefield@fenwick.com
            mmelcher@fenwick.com

*Counsel for Defendant*
AUDIBLE, INC.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2023, I caused the following documents to be electronically filed with this Court's CM/ECF system:

- **Notice of Removal;**
- **Declaration of Brian D. Buckley and Exhibits A-E;**
- **Civil Cover Sheet;**

I also certify that I caused the documents listed above to be served by U.S. mail to the counsel of record as follows:

Kim D. Stephens, WSBA #11984
kstephens@tousley.com
Rebecca L. Solomon, WSBA# 51520
rsolomon@tousley.com
TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: 206.682.5600
Fax: 206.682.2992

Hart L. Robinovitch (*pro hac vice* forthcoming)
hart.robinovitch@zimmreed.com
ZIMMERMAN REED LLP
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Telephone: 480.348.6400

Zachary J. Freese (*pro hac vice* forthcoming)
zachary.freese@zimmreed.com
ZIMMERMAN REED LLP
80 S. South 8th Street, Suite 1100
Minneapolis, MN 55402
Telephone: (612) 341-0400

/s/ Brian D. Buckley
Brian D. Buckley